UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

Case No.  8:21-cv-00562-JLS-JDE                    Date: November 12, 2021
Title:  Thomas Bae v. Ford Motor Company et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Deborah Lewman  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:  ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                              Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING MOTION TO REMAND (Doc. 16)**

Before the Court is Plaintiff Thomas Bae's Motion to Remand ("Motion").  (Mot., Doc. 16.)  Defendant Ford Motor Company opposed, and Plaintiff replied.  (Opp., Doc. 27; Reply, Doc. 28.)  The Court took this matter under submission.  (Doc. 29.)  For the following reasons, the Court GRANTS Plaintiff's Motion.

## I.    BACKGROUND

On February 16, 2021, in the Superior Court of California (County of Orange), Plaintiff filed a Complaint for Damages against Defendant.  (Ex. A (Compl.), Doc. 1-1.) The Complaint does not allege Plaintiff's citizenship; however, Defendant contends that Plaintiff is a citizen of California.  (*See, e.g.*, Declaration of Karyn L. Ihara ("Ihara Decl.") ¶ 6, Doc. 27-1.)  Defendant contends that it is "a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan."  (Notice of Removal ¶ 13, Doc. 1.)

In the Complaint, Plaintiff alleges that "[o]n or about October 18, 2016, Plaintiff purchased a new 2017 Ford F-150."  (Ex. A (Compl.) ¶ 5, Doc. 1-1.)  Plaintiff notes that

**CIVIL MINUTES – GENERAL**                    **1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00562-JLS-JDE                          Date: November 12, 2021

Title:  Thomas Bae v. Ford Motor Company et al

he "delivered the Vehicle to the Manufacturer's authorized service and repair facilities,
agents and/or dealers, including Seller, on at least Three (3) separate occasions resulting
in the Vehicle being out of service by reason of repair of nonconformities."  (*Id.* ¶ 9.)
However, Plaintiff alleges that "the Manufacturer or its representatives failed to conform
the Vehicle to the applicable warranties because said defects, malfunctions,
misadjustments, and/or nonconformities continue to exist even after a reasonable number
of attempts to repair was given."  (*Id.* ¶ 12.)  Accordingly, Plaintiff asserts two causes of
action under California's Song-Belverly Consumer Warranty Act (the "Act").  (*Id.* ¶¶ 14-
34.)

        As a result of the alleged violations, Plaintiff alleges that "[t]he amount in
controversy exceeds" $25,000 "exclusive of interest and costs."  (*Id.* ¶ 13.)  Defendant
contends that "[t]he amount in controversy based on the purchase agreement alone is
$124,700.72."  (Opp. at 5; Ihara Decl. ¶ 3 ("Plaintiff purchased the Subject Vehicle for
$124,700.72."), Doc. 27-1; *id.* Ex. 1 (Retail Installment Sale Contract) to Ihara Decl.)

        On February 17, 2021, Defendant removed the action to this Court based on
diversity jurisdiction.  (Notice of Removal, Doc. 1.)


**II.      LEGAL STANDARD**

        The "[f]ederal courts are courts of limited jurisdiction."  *Corral v. Select Portfolio
Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted).
Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and
the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.*
(internal quotation marks omitted).  For a defendant seeking to remove pursuant to 28
U.S.C. § 1441, which permits removal based on diversity and federal-question
jurisdiction, there exists a "'strong presumption against removal.'"  *Hunter v. Philip
Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  This "strong presumption against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00562-JLS-JDE                          Date: November 12, 2021
Title:  Thomas Bae v. Ford Motor Company et al

removal jurisdiction means that the defendant always has the burden of establishing that
removal is proper, and that the court resolves all ambiguity in favor of remand to state
court." *Id.* (internal quotation marks omitted).

## III.   DISCUSSION

Plaintiff argues that the Court should remand this action because:  (1)  "Ford has
failed to establish that the citizenship of Plaintiff is diverse from the citizenship of
Defendant Ford," (2) "Defendant cannot convince the court by a preponderance of the
evidence that the amount in controversy exceeds $75,000," and (3) comity principles
weigh heavily in favor of remanding the action.  (Mem. at 7-11, Doc. 16-1.)  As the Court
finds that Defendant has not established that the amount in controversy exceeds $75,000
by a preponderance of the evidence, the Court does not reach Plaintiff's first or third
arguments.

Plaintiff argues, among other things, that the Court should remand this action
because Defendant has not established "by a preponderance of the evidence that the
amount in controversy exceeds $75,000." (*Id.* at 8.)  A federal court has diversity
jurisdiction if the parties to the action are citizens of different states and the amount in
controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  "[T]he amount in controversy is
determined by the complaint operative at the time of removal and encompasses all relief a
court may grant on that complaint if the plaintiff is victorious."  *Chavez v. JPMorgan
Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018); *see also Theis Rsch., Inc. v. Brown
& Bain*, 400 F.3d 659, 662 (9th Cir. 2005) ("[T]he amount at stake in the underlying
litigation . . . is the amount in controversy for purposes of diversity jurisdiction").  "If it is
unclear what amount of damages the plaintiff has sought … then the defendant bears the
burden of actually proving the facts to support jurisdiction, including the jurisdictional
amount."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (emphasis omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00562-JLS-JDE                          Date: November 12, 2021
Title:  Thomas Bae v. Ford Motor Company et al

The "proper burden of proof" in cases where the "complaint is unclear and does not
specify 'a total amount in controversy,'" as is the case here, "is proof by a preponderance
of the evidence." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

Here, Defendant has failed to establish that the amount in controversy exceeds
$75,000 by a preponderance of the evidence.  Under the Act, damages are measured by
the "amount equal to the purchase price paid by the buyer, *less that amount directly
attributable to use by the buyer* prior to the discovery of the nonconformity."  Cal. Civ.
Code § 1793.2(d)(1) (emphasis added); *see also* Cal. Civ. Code § 1793.2(d)(2).  "The Act
provides a specific formula to calculate this reduction based on the vehicle's mileage
prior to the buyer first delivering it for repair."  *Niedermeier v. FCA US LLC*, 56 Cal.
App. 5th 1052, 1065 (2020).  Defendant contends that the amount in controversy has
been met because the Act allows "a plaintiff . . . [to] collect restitution 'in an amount
equal to the actual price paid or payable by the buyer' for the vehicle" and "Plaintiff
purchased the Subject Vehicle for $124,700.72."  (Opp. at 5, Doc. 27.)  However,
Defendant's purchase price contentions are unsupported because it does not consider,
among other things, the mileage attributable to Plaintiff, as mandated by the Act.  *See
Chavez*, 888 F.3d at 418 ("[T]he amount in controversy includes all relief claimed at the
time of removal to which the plaintiff would be entitled if she prevails.").

Defendant contends that "[t]he mileage offset is a red herring."  (Opp. at 6, Doc.
27.)  However, the Ninth Circuit has stated that consideration of "[u]se [o]ffset[s]" are
"appropriate" under the Act because "an estimate of the amount in controversy must be
reduced if 'a specific rule of law of damages limits the amount of damages recoverable.'"
*Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018); *see also id.*
("[A]n estimate of the amount in controversy must be based on the applicable 'measure
of damages,' not on what a plaintiff requests in a complaint.").  As Defendant
acknowledges, "[d]epending on the facts of the case, the offset could be as low as $0 if
the vehicle experienced warranty nonconformities immediately after purchase, and as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00562-JLS-JDE                    Date: November 12, 2021
Title:  Thomas Bae v. Ford Motor Company et al

high as the vehicle sale price if no warranty nonconformities manifested until after
120,000 miles."  (Opp. at 5, Doc. 27.)  Relatedly, Defendant's estimate of civil penalties
in this case are also unsupported and speculative given that civil penalties under the Act
are based on actual damages, which Defendant has not established.  *See* Cal. Civ. Code
§ 1794(c) (providing that "a civil penalty . . . shall not exceed two times the amount of
actual damages"); *see also Berger v. Mercedes-Benz USA, LLC*, 2021 WL 3013915, at *3
(C.D. Cal. July 15, 2021) ("In this case, because Defendant has failed to establish the
amount of actual damages, Defendant has also failed to adequately demonstrate the
potential civil penalty.").  By failing to consider how the mileage offset impacts its
calculations, as required under the Act, Defendant has failed to meet its burden of
showing that removal was proper in this case.

Lastly, Defendant's arguments that it can demonstrate that the amount in
controversy exceeds $75,000 based on potential attorneys' fees also fails.  Defendant
cites to other cases as support for its argument that the attorney's fees are estimated to
"exceed $25,000 and go up to $40,000 before trial."  (Opp. at 8, Doc. 27).  However,
Defendant has failed to explain how those cases are similar to this case or why an award
in the estimated range is appropriate here.  *See Berger*, 2021 WL 3013915, at *3.
Therefore, Defendant's estimate of attorneys' fees is similarly unsupported.

IV.    <u>**CONCLUSION**</u>

For the above reasons, the Court GRANTS Plaintiff's Motion to Remand.  This
action is hereby REMANDED to the Superior Court of California (County of Orange),
Case No. 30-2021-01184431-CU-BC-CJC.

Initials of Deputy Clerk: djl